IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TOM RILEY, HEATHER SHRUM, GARY AMBROSE, AND SHERRY KILBURN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 6:22-cv-00499-RBD-EJK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
<u>MOTION TO STRIKE</u>**

Plaintiffs Tom Riley, Heather Shrum, Gary Ambrose, and Sherry Kilburn, by and through their undersigned counsel, hereby respond to and oppose the motion of Defendant General Motors LLC ("GM") to strike certain class allegations in Plaintiffs' amended complaint (which is Dkt. 41). The motion is Dkt. 48. GM moves under Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D). Dkt. 48 at 8.[1] It asks the Court to strike the "Plaintiffs' putative nationwide class allegations and

---

[1] Citations are to docket number (Dkt.) and ECF page numbers stamped at the top of documents.

the putative class allegations under the Mississippi Consumer Protection Act." *Id.* at 1.  The motion is due to be denied.

## Case Posture

The amended complaint was filed on June 24, 2022.  Dkt. 41.  GM has moved to dismiss it.  Dkt. 47.  The Plaintiffs' response to the motion to dismiss is due by August 5, 2022.  Initial discovery has been served by the Plaintiffs and GM has served its responses.  GM has objected to much of the discovery, and the parties will meet and confer to try to resolve the objections.

## Rules of Decision

The relief GM seeks is exceptional, because (1) the case has just started, and (2) striking class allegations is the functional equivalent of denying class certification.  *See Bates v. Bankers Life & Cas. Co.,* 848 F.3d 1236, 1238 (9th Cir. 2017) (per curiam); *Herrera v. JFK Med. Ctr., Ltd. P'ship*, 648 F. App'x 930, 933 n.1 (11th Cir. 2016); *see also In re Bemis Co.*, 279 F.3d 419, 421 (7th Cir. 2002); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614-16 (N.D. Cal. 2007).  The relief would bypass and preempt fact-gathering in discovery and the motion and hearing for class certification based on the gathered facts, which is the regular procedure. *See Herrera*, 648 F. App'x at 934-36; *In re Wal-Mart Stores, ante*.

For those reasons, the relief is rarely granted, *see e.g., In re Wal-Mart Stores, Inc.,* 505 F. Supp. 2d at 615, and it is characterized as "exceptional" for good reason.

2

*Advanced Dermatology v. Fieldwork, Inc.*, 550 F. Supp. 3d 555, 569 (N.D. Ill. 2021) ("Because [defendant] has not borne its burden of showing that [plaintiff] brings the 'exceptional case' where striking class allegations at the pleadings stage, before the plaintiff has a chance to engage in discovery, is appropriate, [defendant's] motion to strike is also denied.").

Indeed, conventional procedure warrants the relief *only if* the movant demonstrates that the class allegations are "redundant, immaterial, impertinent, or scandalous." *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 700 (S.D. Fla. 2014) (citing and applying Fed.R.Civ.P. 12(f)). *Accord Jordan v. Gbutter Ltd. Liab. Co.*, 2021 U.S. Dist. LEXIS 34891, at *2-3 (S.D. Fla. Feb. 24, 2021) ("Because an evidentiary record has not yet been developed, the Court cannot determine whether class certification is appropriate under Federal Rule of Civil Procedure 23. Therefore, the issue is whether striking Plaintiff's class allegations is appropriate under Rule 12(f). Pursuant to Rule 12(f), a court may strike from the pleadings any matter that is 'redundant, immaterial, impertinent, or scandalous.'").

This Court possess discretion to deny the relief. *See Herrera*, 648 F. App'x at 933-36 (decision to strike class allegations reviewed and reversed for abuse of discretion, concluding, "We hold only that the district court should have allowed limited discovery instead of striking the class allegations based solely on the face of the complaint.").

## Argument

1.     <u>GM Is Not Entitled to Discretionary Relief</u>.

GM fails to show its entitlement, at this very beginning stage of the case, to discretionary relief against a substantial part of the Plaintiffs' class allegations, namely the nationwide class allegations and the subclass alleged for relief under the Mississippi Consumer Protection Act. It does not make a case that these allegations are redundant, immaterial, impertinent, or scandalous.

Each of the Plaintiffs' counts and subclasses involve, or potentially involve, absent class members *in multiple states,* including their federal cause of action under the Magnuson-Moss Warranty Act ("MMWA") and their state subclasses. Each state subclass may contain persons in more than one state, because each subclass is pled for purchasers of the Class Vehicles in the respective states, *regardless of where a class member resides now (or then)*. *See* Dkt. 41 at 63, ¶ 171.b.-d.

So, for example, the subclass of purchasers in Florida is comprised of buyers who reside in Florida and those who live outside the state. A Florida purchaser and subclass member for that reason could live *in any state*. GM acknowledges that claims for the subclass members are controlled by the same law, which is the law of the state of purchase. Dkt. 48 at 12-13 (asserting, *inter alia*, "Plaintiffs' claims are governed by the laws of the states where the vehicles were purchased, not where the owners [reside].") There is no variation in law to warrant exceptional and

4

discretionary relief against these subclasses and the allegations for them, distinguishing GM's case law. *See* Dkt. 48 at 11, 17-18 (citing *Dennis v. Whirlpool Corp.* and other authorities).

The amended complaint and each subclass in particular are "national" in the foregoing respect. They are correct in that respect. Nothing about the claims and subclasses – or about the MMWA class allegations (addressed next) – is redundant, immaterial, impertinent, or scandalous. GM has not met its burden. *See Jordan, ante* (Rule 12(f) burden unmet); *Gill-Samuel, ante* (same); *see also Advanced Dermatology,* 550 F. Supp. 3d at 568-69 (denying motion to strike and stating that movant was burdened to show "the complaint is 'so facially lacking that no amount of discovery or time could provide support for class status' so as to warrant striking the class allegations and 'conserv[ing] court and party resources.'" (citation omitted)).

2.  All MMWA Allegations Are Valid at This Pleading Stage.

The MMWA recognizes and allows plaintiffs to proceed under individual state warranty laws. *See Kavon v. BMW of N. Am., LLC*, 2022 U.S. Dist. LEXIS 99436, at *9 (D.N.J. June 3, 2022) ("The MMWA is a federal statute that creates a federal cause of action for breach of warranty claims *via* incorporation of state law.") (emphasis in original); *Chapman v. GM LLC*, 531 F. Supp. 3d 1257, 1285 (E.D. Mich. 2021) ("MMWA claims therefore 'stand or fall' with valid state law warranty

claims."). Variations in those state laws (a principal reason GM offers for relief) cannot furnish ground for striking MMWA allegations. If state-law variations always doom MMWA national classes, no allegation for a MMWA national class ever would survive a motion to strike. *That is not true. See In re GM Air Conditioning Mktg. & Sales Practices Litig.*, 568 F. Supp. 3d 837 (E.D. Mich. 2021).[2] Instead, a defendant is entitled to judgment against a nationwide MMWA claim to the extent a warranty claim "under state law [is] found not to be viable." *Chapman*, 531 F. Supp. 3d at 1285. No such finding has been made here, so the Plaintiffs submit that there is *no ground now for striking any MMWA allegation*.

Finally, GM does not demonstrate that individualized inquiries on the face of the pleading or prejudice to it support striking all national class allegations. It does not argue that individualized inquiries under respective warranty laws appear on the face of the amended complaint such that striking allegations for the MMWA class is due. *See* Dkt. 48 at 12-13. In important part, the case law GM invokes involve individualized inquiries which appear on the face of pleadings, so that law is distinguished in equal part. *See id.* at 9-11 (citing *Vandenbrink v. State Farm Mut. Auto. Ins. Co.* and *Cielo v. Garrison Prop. & Cas. Ins. Co.*).[3] GM quotes *Wright &*

---

[2]   2021 U.S. Dist. LEXIS 205695, at **7-8, 16-21.
[3]   GM's authorities are distinguishable for other compelling reasons as well. *See Desmond v. CitiMortgage, Inc.*, 2015 U.S. Dist. LEXIS 22866, at *10 (S.D. Fla. Jan. 23, 2015) ("[I]n establishing its authority to rule on class allegations, the

*Miller* on the subject of prejudice, *see* Dkt. 48 at 9, but fails to argue and demonstrate prejudice from the allegations it wants extinguished. The word "prejudice" appears only once in its memorandum, in the instant quotation from *Wright & Miller*. So there is no ground there for discretionary relief (assuming *arguendo* other requirements for the relief are met).

3.  <u>Deciding the Validity of Class Allegations Now Is Premature</u>.

The Plaintiffs acknowledge that, distinct from the existing subclasses for the respective states of Florida, California, and Mississippi, variations in state common law *may* eventually preclude Rule 23 certification of a single national class for unjust enrichment. But that acknowledgment is contingent on conventional procedure ahead, meaning after fact-gathering in discovery and briefing under Rule 23. To be sure, the acknowledgement is not a concession for the wholesale relief GM seeks this instant. *Cf. In re GM Air Conditioning Mktg. & Sales Practices Litig.*, 2021 U.S. Dist. LEXIS 205695, at **19-21 (recognizing that class allegations may change and evolve, so validity of them should be decided at class certification stage, *not earlier*); *Ciccio v. SmileDirectClub, LLC*, 2020 U.S. Dist. LEXIS 96568, at *50-51

---

*Vandenbrink* court cited to *MRI* and *Smith* for the notion that '[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issue prior to the filing of a motion for class certification.' It is noteworthy that both *MRI* and *Smith* do not involve motions to strike class allegations, but rather *MRI* features a motion to dismiss, while *Smith* is a summary judgment motion that the court ruled on before the motion to certify class." (internal citations omitted)).

(M.D. Tenn. June 2, 2020) ("It is true that the plaintiffs in this case may ultimately struggle to establish that shared issues predominate over class members' claims across different jurisdictions. . . . [but] [b]ecause the plaintiffs' prospects of class certification are not so dim as to render their allegations immaterial or impertinent within the meaning of Rule 12(f), the court will not grant the motion to strike the class allegations across the board.").[4]

In GM's view, the amended complaint clubs itself so completely that the class allegations must be stricken, which is the equivalent of denying class certification outright (as the rules of decision explain). The motion to strike, viewed in that light, is an irregular, exaggerated bite at judgment against absent class members. It should not be credited, accordingly.

Deciding the validity of the class allegations now would be premature. Other courts agree. *See In re GM Air Conditioning Mktg. & Sales Practices Litig.*, 2021 U.S. Dist. LEXIS 205695, at **7-8, 16-21; *Fishon v. Mars Petcare US, Inc.*, 501 F. Supp. 3d 555, 576 (M.D. Tenn. 2020);[5] *Ciccio, ante*; *Med. Soc'y of N.Y. v.*

---

[4]   *Ciccio* is a Sixth Circuit district court decision which post-dates and distinguishes the Sixth Circuit decision (*Pilgrim*) GM relies on. *See Ciccio*, 2020 U.S. Dist. LEXIS 96568, at **48-51.

[5]   *Fishon*, like *Ciccio*, is a Sixth Circuit district court decision which post-dates and distinguishes the *Pilgrim* decision GM relies on. "Thus, the Court does not find *Pilgrim* controlling because the potential class members here allegedly suffered the same overpayment injury regardless of where they may have purchased IAMS Grain-Free Recipe." *Fishon*, 501 F. Supp. 3d at 576.

*UnitedHealth Grp. Inc.*, 2018 U.S. Dist. LEXIS 62301, at *5 (S.D.N.Y. Apr. 6, 2018) ("[A] motion to strike class allegations is generally 'procedurally premature.'") *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) (collecting decisions, including *Motisola Malikha Abdallah v. Coca-Cola Co.*, 1999 U.S. Dist. LEXIS 10612 (N.D. Ga. 1999), and citing 7AA *Wright & Miller*, § 1785.3 (3d 2005) for proposition that "the practice employed in the overwhelming majority of class actions is to resolve class certification *only after an appropriate period of discovery*" (emphasis added)); *accord Gill-Samuel*, 298 F.R.D. at 700 & n.5 (stating that "the instant matter is in a similar procedural posture to" *Baas v. Dollar Tree Stores, Inc.*, 2007 U.S. Dist. LEXIS 65979 (N.D. Cal. Aug. 29, 2007), and *In re Wal-Mart Stores, Inc.,* "in which a ruling on class certification was deemed to be premature," adhering to those two district court decisions by applying Fed.R.Civ.P. 12(f) to motion to strike class allegations, denying the motion to strike on that basis, and explaining that "[t]he Court does not opine on whether the alleged class could be properly certified on a Rule 23 motion for class certification"); *see also Azar v. Gateway Genomics, LLC*, 2017 U.S. Dist. LEXIS 62899, at *6-7 (S.D. Cal. Apr. 25, 2017) (finding motion to strike allegations premature and explaining that, "[g]enerally, courts review class allegations through a motion for class certification"); *Oginski v. Paragon Props. of Costa Rica, LLC*, 2011 U.S. Dist. LEXIS 88254, at *11 (S.D. Fla. Aug. 9, 2011) ("Defendants' arguments related to

9

Plaintiff' class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss.").

The foregoing points apply with the same effect, *i.e.*, denial of the motion to strike, pursuant to Fed.R.Civ.P. 23(d)(1)(D), under which GM moves along with Fed.R.Civ.P. 12(f). *See Boatwright v. Walgreen Co.*, 2011 U.S. Dist. LEXIS 22102, at *6-7 (N.D. Ill. Mar. 4, 2011) ("Here, it is premature to determine whether this suit can proceed as a class action," and explaining that the defendant's "reliance on Rule 23(d)(1)(D) as a vehicle to strike class allegations is misplaced. As stated above, this Rule can only be used once the issue of class certification has been properly presented and decided by a court. Because Plaintiffs have not moved for class certification, the issue has not been properly placed before the Court. *Put succinctly, Rule 23(d)(1)(D) is useless to [the defendant] at this point*." (emphasis added)).

4.  <u>GM Is Mistaken About the MCPA Class Claim</u>.

Plaintiff Kilburn's class allegations under the Mississippi Consumer Protection Act (MCPA) are valid, despite GM's argument to the contrary. Specifically, GM's needle-weaving over its six-page protracted argument is wrong: Kilburn may bring a MCPA class claim under Fed.R.Civ.P. 23.

GM cites many cases that it alleges support its position, however it fails to cite a single case from this District, or even this Circuit, that supports its argument. *See* Dkt. 48 at 25-31. Instead, it relies on a patchwork of cases cobbling together

various theories of law, none of which hits the nail on the head. The case that is directly on point, however, is *Lisk v. Lumber One Wood Preserving*, 792 F.3d 1331 (11th Cir. 2015), and it directly dispels GM's position.

*Lisk* holds that "Rule 23 controls" when courts are faced with a state statute that attempts to curtail the federal procedural right to pursue class actions. 792 F.3d at 1332. In attempting to distinguish *Lisk*, GM makes a convoluted argument concerning perceived differences between the Alabama Deceptive Trade Practices Act (ADTPA) and the MCPA. Dkt. 48 at 29-31. GM points out that under the ADTPA, the attorney general or district attorney, but not a consumer, may bring a class action. Dkt. 48 at 30. Under the MCPA, no one may bring a class action. MISS. STAT. § 75-24-15(4). GM concludes that this minor difference distinguishes *Lisk*. Dkt. 48 at 30. This distinction is irrelevant given the Eleventh Circuit's holding that "how a state chooses to organize its statutes affects the analysis not at all." *Lisk*, 792 F.3d at 1336. Finally, to be certain, when GM argues that "district courts have distinguished *Lisk*," it cites to no courts of this District, nor of this Circuit. *See* Dkt. 48 at 30.

In *Lisk*, the issue was "whether Rule 23 applies or is instead displaced by the contrary provision of the ADTPA." 792 F.3d at 1334. The Court held that "a federal rule applies in any federal lawsuit, and thus displaces any conflicting state provision, so long as the federal rule does not 'abridge, enlarge or modify any substantive

11

right.'" *Id.* at 1335. The Court acknowledged the difference in various state laws and found that "[f]or each, state law allows an injured person to seek redress in an individual action but precludes the person from maintaining a class action." *Id.* *Lisk* acknowledges that ["t]he state's purpose in precluding class actions, while perhaps not completely clear, is essentially the same—to allow individual redress but to prelude class recoveries that, in the legislature's view, may go too far." *Id.* That is what the MCPA does – it provides substantive redress, yet attempts to preclude class actions in federal court. There is no meaningful difference, and the MCPA and the ADTPA are one in the same under a *Lisk* analysis.

Finally, in direct contradiction to GM's arguments, the "substantive" obligation under deceptive trade practice acts is to "comply" with the requirements to provide a product as represented. *Lisk*, 792 F.3d at 1337. "Rule 23 alters these substantive rights and obligations not a whit; with or without Rule 23, the parties have the same substantive rights and responsibilities." *Id.* Thus, under controlling Eleventh Circuit precedent, Plaintiff Kilburn may prosecute a class action under the MCPA.

GM is not forthright with this Court when it argues "*every court* to consider the issue as applied to the MCPA…has held that Rule 23 cannot displace the MCPA's bar on class actions." Dkt. 48 at 28 (emphasis in original). For example, in *Rickman v. BMW*, the court found that "[w]hether Rule 23 would abridge a

12

substantive right, however, is an issue that need not be faced until the certification stage." 2020 U.S. Dist. LEXIS 111739, at *44 (D.N.J. June 25, 2020). Thus, *Rickman* does not hold "that Rule 23 cannot displace the MCPA's bar on class actions." Furthermore, despite making this definitive statement, GM's own motion cites to a court that did not hold "that Rule 23 cannot displace the MCPA's bar on class actions."

Incredibly, in citing *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,* GM argues that *Volkswagen* held "that Rule 23 cannot displace the MCPA's bar on class actions." Dkt. 48 at 28 at n.7 (citing 349 F. Supp. 3d 881, 922 (N.D. Cal. 2018)). This is not the holding. GM pin cites page 922 of the opinion, which is under the title "Pre-Suit Requirements – Mississippi and Texas." Thus, the section that GM cites, and from where it quotes using the ellipsis in a misleading manner, does not concern whether Rule 23 displaces the MCPA's bar on class actions. Even more unbelievable is that the *Volkswagen* court had a section concerning "Class Action Barred or Limited – Mississippi and Utah" where it held "[t]he Court will therefore wait until the class certification stage to address whether Mississippi's and Utah's class action limits apply." 349 F. Supp. 3d at 920. Thus, one of three main cites GM gives to support its position does not support GM but rather actually supports the Plaintiffs' position – that a decision on this issue is premature.

13

GM also cites *In re Ford Motor Co. F-150 and Ranger Truck Fuel Economy Mktg. & Sales Practices Litig.*, a district court opinion of the Sixth Circuit. Dkt. 48 at 28 n. 7 (citing 2022 U.S. Dist. LEXIS 32242 at *62-63 (E.D. Mich. Feb. 23, 2022)). This opinion offers zero analysis of the issue and acknowledges a circuit split – one of which is *Lisk*, reaching a different conclusion. It supports its holding only by saying courts in the Sixth Circuit support it. As this Court knows, it is not in the Sixth Circuit, and these district court decisions cited by GM do not control and are unpersuasive due to the lack of analysis.

*In re Target Corp.* is also cited by GM. Dkt. 48 at 28 n. 7. This is a District of Minnesota opinion which pre-dates *Lisk*, the controlling Eleventh Circuit authority. While *In re Target Corp.* supports GM's argument under that court's analysis, the opinion cannot account for *Lisk* because *Lisk* was not yet the law. It is now. Thus, *In re Target Corp.* provides GM no support.

Lastly, GM mentions an alternative ground against the MCPA claim. It suggests that striking the class allegations for the claim may not be needed given its motion to dismiss the claim altogether for lack of personal jurisdiction. Dkt. 48 at 25 n.5. The Plaintiffs submit that their federal cause of action (the MMWA) supports personal jurisdiction over GM for *all claims* the Plaintiffs bring, including this subclass claim under Mississippi law (for purchasers of Class Vehicles in

14

Mississippi). They expect their response to the motion to dismiss to make that showing. Thus, the alternative ground is no ground at all.

5. <u>The Motion Breaches GM's Length Limitation</u>.

This Court ordered the Parties to comply with Local Rule 3.01. Dkt. 33 at 7. That Rule permits the filing of "a single document no longer than twenty-five pages inclusive of all parts." GM's motion and memorandum contain 26 full pages and numerous footnotes containing citations and argument. Thus, the motion to strike violates the Order and Local Rule 3.01. It should be stricken.

## Conclusion

GM's motion to strike, if not stricken itself, is due to be denied.

Respectfully submitted,

>*/s/ Jason R. Fraxedas*
>Jason R. Fraxedas (FL# 63887)
>THE MAHER LAW FIRM, P.A.
>398 W. Morse Blvd., Suite 200
>Winter Park, FL 32789
>Phone: (407) 839-0866
>Fax: (407) 425-7958
>jrfraxedas@maherlawfirm.com
>
>Taylor C. Bartlett
>(pro hac vice)
>W. Lewis Garrison, Jr.
>(pro hac vice)
>HENINGER GARRISON DAVIS, LLC
>2224 1st Avenue North
>Birmingham, Alabama 35203
>Telephone: (205) 326-3336

15

                Facsimile:   (205) 326-3332
                taylor@hgdlawfirm.com
                lewis@hgdlawfirm.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on July 29, 2022, I filed the foregoing paper through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

                */s/ Jason R. Fraxedas*
                Jason R. Fraxedas (FL# 63887)