## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| TOM RILEY, *et al.*, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | Case No. 6:22-cv-00499-RBD-EJK |

### DEFENDANT GENERAL MOTORS LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS ATTACHED TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs seek to file twenty exhibits with their Second Amended Complaint (SAC) and quote from those exhibits in their SAC (Doc. 84). Pursuant to Local Rule 1.11(c) and (d), GM respectfully moves for an order directing Plaintiffs to file under seal certain sensitive exhibits to Plaintiffs' SAC.

The parties conferred, and Plaintiffs agreed to the relief requested in this motion (i.e., the sealing or redaction of the exhibits specified below).

Local Rule 1.11(c) requires that a motion for leave to file under seal (a) describe the item proposed for sealing; (b) state the reason filing each item is necessary; (c) state the reason sealing each item is necessary; (d) state the reason a means other than sealing is unavailable or unsatisfactory; (e) propose

a duration of the seal; and (f) identify the person authorized to retrieve a sealed, tangible item. GM states:

### A. Identification and Description of Each Item Proposed for Sealing

GM requests that the Court seal Exhibit 6 to Plaintiffs' SAC (Doc. 84). GM further requests leave for Plaintiffs to redact from Exhibits 13-18 information disclosing third parties' names, email addresses, and phone numbers.

Exhibits 6 each discusses confidential GM information regarding GM's (or its suppliers') paint processes. Exhibit 6 is an internal document containing confidential details regarding ongoing paint studies and discussions of confidential information regarding GM's topcoat and paint technologies.

### B. The Reason Filing Each Item is Necessary

Plaintiffs chose to incorporate twenty exhibits by reference in their SAC (Doc. 84). GM had marked SAC exhibits 2-19 "Confidential" or "Highly Confidential".[1] Thus, consistent with the Parties' Stipulated Confidentiality Agreement and as required under Local Rule 1.11(d), Plaintiffs filed placeholders in lieu of the confidential exhibits. GM requests that the Court direct Plaintiffs to file under seal SAC Exhibit 6. In addition, GM requests that

---

[1] GM also intends to designate portions of the deposition transcripts of Sarah Hodapp and Michael Dziatczak Confidential or Highly Confidential pursuant to the parties' Stipulated Confidentiality Agreement, but acknowledges that the excerpts attached to and quoted in Plaintiffs' SAC (Exhibits 1 and 20) do not require a confidentiality designation.

2

the Court permit Plaintiffs to redact from SAC Exhibits 17 and 18 the third party customer's name and contact information, and permit Plaintiffs to redact from SAC Exhibits 13-16 the retired GM employee's personal email and phone number.

### C. The Reason Sealing Each Item is Necessary

Under the operative Case Management and Scheduling Order, a party may move for leave to seal after determining that: "the filing of each item to be sealed is necessary to a fair resolution of this matter; (2) the sealing of each item is necessary to protect an important right—such as the advantageous commercial advantage afforded by a trade secret or the privacy interests of vulnerable persons; and (3) the important right at issue cannot be satisfactorily protected by means other than sealing the record." Doc. 33, ¶ III(G). Accordingly, GM states as follows.

Exhibit 6 contains non-public, proprietary and sensitive business information about certain of GM's ongoing paint studies and GM's paint and topcoat technology. If this information is made publicly available, it would expose those details to GM's competitors and consequently jeopardize GM's business operations and supplier relationships. Sealing Exhibit 6 is necessary to preserve the confidentiality of this sensitive information. Specifically, Exhibit 6 contains the following categories of confidential proprietary information:

3

- Pages 6, 7, and 18 discloses confidential information regarding GM's paint technologies;

- Pages 8 and 16 discuss the chemical fingerprint of GM's topcoat technology;

- Page 10 discusses the glass transition temperature of GM's topcoat technology;

- Pages 11-14 and 20 discuss confidential studies regarding GM's paint technology;

- Page 15 discusses the UV protection used in GM's paint technology; and

- Page 17 discusses the chemical ratio used in GM's unique paint technology.

Redacting Exhibits 13-18 is necessary to protect the privacy interests of the third-party customer (Exs. 17-18) and retired GM employee (Exs. 13-16) whose names, personal email addresses, and personal phone numbers are disclosed therein.

### D.  The Reason a Means Other than Sealing is Unavailable or Unsatisfactory

With the exception of Exhibits 13-18, from which Plaintiffs have agreed to redact the third-parties' name and contact information, Plaintiffs would file complete, unredacted versions of the Exhibits with their motions to

supplement and revise absent an order to seal, necessitating this motion. As an alternative to sealing the entirety of Exhibit 6, it would be sufficient to redact from Exhibit 6 pages 6-8, 10-18, and 20.

### E. Statement of the Proposed Duration of the Seal

GM proposes that the referenced documents remain sealed until ninety days after this matter is closed and all appeals are exhausted, at which time the proposed sealed filings should be destroyed. Plaintiffs would reserve the right to seek to unseal the subject Exhibits in the future if necessary.

### F. Information for Person Authorized to Retrieve a Sealed, Tangible Item

Under Local Rule 1.11(c)(5), GM identifies John Nadolenco as a person authorized to retrieve a sealed, tangible item. His contact information is:

>Mayer Brown LLP
>333 South Grand Avenue, 47th Floor
>Los Angeles, CA 90071
>Tel: (213) 229-9500
>jnadolenco@mayerbrown.com

### LEGAL MEMORANDUM SUPPORTING SEALING

This Court has broad discretion to "determine which portions of the record should be placed under seal" based on the "facts and circumstances of the particular case." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

Although the public generally has a "common-law right of access to judicial proceedings" that often "includes the right to inspect and copy public

records and documents" (*Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)), the "public's right of access is not absolute . . . and a judge's decision whether to seal court records should be informed by a sensitive appreciation of the circumstances that led to . . . [the] production [of the particular documents in question]." *United States v. Lee Mem'l Health Sys.*, 2018 WL 5014534, at *3 (M.D. Fla. Oct. 16, 2018) (internal citations omitted). The common law right of access may therefore be "overcome by a showing of good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Importantly, the Eleventh Circuit also has recognized that there ordinarily is **no** public right of access to mere discovery materials without a connection to a substantive pretrial motion. *Romero*, 480 F.3d at 1245-46.

Filing information under seal requires good cause, and part of the good-cause inquiry is "whether allowing access would . . . harm legitimate privacy interests" and "the degree of and likelihood of injury if made public." *Id.* at 1246. In making this determination, "a district court must balance competing interests—a party's interest in keeping information confidential and the public's legitimate interest in the subject matter and conduct of the proceedings." *Lee Mem'l Heath Sys.*, 2018 WL 5014534, at *3; *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013) ("good cause . . . requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential'").

This District routinely permits sealing where the public disclosure of sensitive, proprietary business information would risk competitive harm to a party. For example, Judge Whittemore explained that "[c]ompetitively sensitive commercial information, including . . . confidential proprietary information of parties and third parties," can and "should be protected from public disclosure." *In re Photochromic Lens Antitrust Litig.*, 2013 WL 12156446, at *2 (M.D. Fla. Oct. 21, 2013) (Whittemore, J.); *accord, e.g.*, *Molloy v. Boynton*, 2017 WL 4700484, at *2 (M.D. Fla. Oct. 19, 2017) (permitting party to file under seal a complaint containing "confidential and proprietary business information, the release of which could cause [co-defendant] competitive harm"); *Loc. Access, LLC v. Peerless Netowrk, Inc.*, 2017 WL 2021761, at *1, *3 (M.D. Fla. May 12, 2017) (granting defendant's motion to seal for "confidential and proprietary business information which includes business plans, pricing information, and technical capabilities which, if made public, could impact and injure [defendant's] business operations and relationships with its customers"); *Teledyne Instruments, Inc.*, 2013 WL 5874585, at *2 (granting motion to seal documents "containing technical drawings and other knowledge relating to Teledyne's products that derive value from not being publicly known," as well as documents "reveal[ing] confidential test data and other information concerning the development of Teledyne's products"); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538 (M.D. Fla. Oct. 28,

2010) (holding the defendant's interest in maintaining the confidentiality of . . . the terms of its contractual relationship with its customer outweigh the public's interest in accessing these documents"); *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, 2008 WL 5341140, at *4-5 (M.D. Fla. Dec. 19, 2008) (granting motion to seal exhibits to a complaint where public disclosure could cause competitive harm).

Similarly, this District has protected "confidential information about innocent third parties" from public disclosure. *U.S. ex rel. Westfall*, 2008 WL 5341140, at *4; ; *Teledyne*, 2013 WL 5874584, at *2 (granting motion to seal documents that "contain personal information").

Here, there is good cause to seal SAC Exhibit 6 and to redact Exhibits 13-18. Exhibits 17 and 18 contain the personal information (name, email, and phone number) of a third-party GM customer, which would harm that customer's privacy interests if made public. *U.S. ex. rel. Westfall*, 2008 WL 5341140, at *4; *Teledyne*, 2013 WL 5874584, at *2. Similarly, Exhibits 13-16 contain the personal email and phone number of a retired GM employee, which would harm that person's privacy interests if made public. *Id.*

Exhibit 6 is a GM internal document containing competitively sensitive information, including confidential test data and technical information relating to GM's paint and topcoat technologies. Specifically:

- Pages 6, 7, 15, 17, and 18 discloses confidential information regarding GM's paint technologies;
- Pages 8, 10, and 16 discloses confidential information regarding GM's topcoat technology; and
- Pages 11-14 and 20 discusses confidential studies regarding GM's paint technology.

Disclosure of this sensitive and proprietary information threatens competitive harm to GM's business and supplier relations.

## **CONCLUSION**

GM respectfully requests that the Court enter an order directing Plaintiffs to file under seal SAC Exhibit 6. In addition, GM respectfully requests that the Court permit Plaintiffs to redact from Exhibits 13-18 the third-parties' personal information.

## **Local Rule 3.01(g) Certification**

In accord with Local Rule 3.01(g), counsel for GM conferred with Plaintiffs' counsel by phone on April 21, 2023. Plaintiffs do not oppose the relief requested in this motion, subject to the caveat that Plaintiffs' non-opposition is without prejudice to Plaintiffs' moving to unseal the subject Exhibits or seeking to use the subject Exhibits in a future proceeding if necessary.

DATED: April 24, 2023         Respectfully submitted,

*/s/ John Nadolenco* (*pro hac vice*)
*jnadolenco@mayerbrown.com*
MAYER BROWN LLP
333 S. Grand Avenue 47th Floor
Los Angeles, CA 90071
Phone: (213) 229-9500
Fax: (213) 576-8179

*/s/ Jonathan S. Klein*
Jonathan S. Klein
Florida Bar No. 125254
*jklein@mayerbrown.com*
Archis A. Parasharami (*pro hac vice*)
*aparasharami@mayerbrown.com*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Phone: (202) 263-3000
Fax: (202) 263-3300

Justin B. Weiner (*pro hac vice*)
*weiner@bsplaw.com*
BUSH SEYFERTH PLLC
100 W. Big Beaver Road Suite 400
Troy, MI 48084
Phone: 248-822-7841

*Attorneys for General Motors LLC*

## CERTIFICATE OF SERVICE

I certify that on April 24, 2023, I filed the foregoing document on CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

*/s/ John Nadolenco*