UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOM RILEY and GARY AMBROSE,

        Plaintiffs,

v.   Case No: 6:22-cv-499-RBD-EJK

GENERAL MOTORS, LLC,

        Defendant.

## ORDER

This cause comes before the Court on Defendant General Motors, LLC's Unopposed Motion for Leave to File Under Seal Exhibits Attached to Plaintiffs' Second Amended Complaint (Doc. 88), filed April 24, 2023. Upon consideration, the Motion is due to be granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

Defendant has complied with the Local Rule; thus, the Court must now determine whether there is good cause for the seal and whether the proposed duration is appropriate.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Defendant seeks an order directing Plaintiffs to file under seal certain sensitive exhibits to Plaintiffs' Second Amended Complaint. (Doc. 88 at 1.) First, Defendant requests that the Court seal Exhibit 6. This exhibit "discusses confidential GM information regarding GM's (or its suppliers') paint processes. Exhibit 6 is an internal document containing confidential details regarding ongoing paint studies and discussions of confidential information regarding GM's topcoat and paint technologies." (*Id.* at 2.)

As to Exhibit 6, the Court finds good cause for a seal. Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests").

Defendant also requests that the Court allow Plaintiffs to redact portions of Exhibits 13 through 18. Defendant asserts that these exhibits contain personal identifying information of various people. Specifically, Exhibits 13, 14, 15, and 16 contain a retired GM employee's personal email and phone number, and Exhibits 17 and 18 contain a GM customer's name and contact information (name, email, and phone number). The Court finds that protecting these third parties' personal

identifying information under seal is appropriate. *See, e.g.*, *Hausburg v. McDonough*, No. 8:20-CV-2300-JSS, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) (permitting personal identifying information to be filed under seal); *Allgood v. Paperlesspay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021 (finding good cause to seal PII such as addresses, personal email addresses, and telephone numbers, among other identifying information).

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant General Motors, LLC's Unopposed Motion for Leave to File Under Seal Exhibits Attached to Plaintiffs' Second Amended Complaint (Doc. 88) is **GRANTED**.

2. Plaintiffs are **DIRECTED** to file the items approved for sealing through CM/ECF **on or before May 8, 2023**.[1] The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.