# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TOM RILEY; and GARY AMBROSE,

    Plaintiffs,

v.                                        Case No. 6:22-cv-499-RBD-EJK

GENERAL MOTORS, LLC,

    Defendant.
_____

## ORDER

Before the Court are Defendant General Motors, LLC's ("GM") motions to dismiss (Doc. 89) and stay (Doc. 101).

### BACKGROUND[1]

In 2014 and 2016, Plaintiffs Gary Ambrose and Tom Riley bought cars manufactured by GM. (Doc. 84, ¶¶ 17, 40.) Plaintiffs later noticed deterioration in their cars' paint. (*Id.* ¶¶ 28, 48.) So they brought the cars in for repair, but GM refused to fully pay to repair them and said the paint issues were due to environmental issues and consumer neglect. (*Id.* ¶¶ 29–31, 49–51, 55–57.)

So Plaintiffs sued GM. (*See* Doc. 41.) GM initially moved to dismiss all

---

[1] The factual allegations in the Complaint are taken as true for the purposes of the Motion and presented in the light most favorable to Plaintiffs. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Plaintiffs' claims and to compel arbitration against Riley only. (Doc. 47.) The Court granted the motion to dismiss in part, allowing Plaintiffs to replead some of their claims, and denied the motion to compel arbitration. (Doc. 81.) Plaintiffs then amended their Complaint alleging: (1) breach of express warranty; (2) violations of the Magnuson-Moss Warranty Act ("MMWA"); and (3) violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 84, ¶¶ 204–35.)

GM moves to dismiss again (Doc. 89), and Plaintiffs oppose in part. (Doc. 96.) After filing the motion to dismiss, GM also appealed the Court's Order denying the motion to compel arbitration against Riley. (Doc. 91.) So GM also seeks to stay the case pending appeal. (Doc. 101.)

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## ANALYSIS

**I.   Riley**

Though GM initially moved to dismiss both Riley and Ambrose's claims in the operative amended Complaint, GM has since appealed the denial of arbitration as to Riley and now seeks to stay this entire case pending appeal. (Docs. 91, 101.)

The U.S. Supreme Court recently held that "a district court [must] stay its proceedings while [an] interlocutory appeal on the question of arbitrability is ongoing." *Coinbase, Inc. v. Bielski*, No. 22-105, 2023 WL 4138983, at *5 (U.S. June 23, 2023). So the Court is required to stay the case as to Riley pending the appeal. While GM also moves to stay the case as to Ambrose (who was not subject to the motion to compel arbitration), the Court need not—because the motion to dismiss his claims is fully briefed and well-taken. (Doc. 101, pp. 2–3.) So the Court declines to stay the case as to Ambrose and takes up his claims below.

    **II.**    **Ambrose**

Turning then to the only remaining Plaintiff, GM first argues that Ambrose's FDUPTA claim is time-barred. (Doc. 89, pp. 11–15.) Ambrose contends that the statute of limitations was tolled because GM fraudulently concealed his cause of action by: (1) misrepresenting the quality of the paint at the time of sale; (2) failing to disclose the defect to Ambrose or the public after the sale; and (3) representing that the defect was consumers' fault. (Doc. 84, ¶¶ 102–63, 189–200.) But none of these actions sufficiently allege fraudulent concealment so as to toll the statute.

The four-year statute of limitations for FDUPTA can be tolled if a plaintiff can show "successful concealment of the cause of action and fraudulent means to achieve that concealment." *Fedance v. Harris*, 1 F.4th 1278, 1287 (11th Cir. 2021) (cleaned up) (applying Florida law).

3

Here, first, the allegation that GM knew of the defect and misrepresented the paint quality at the time of sale are the acts underlying Ambrose's FDUPTA claim. (Doc. 84, ¶¶ 224–34.) These actions do not "go above and beyond the wrongdoing upon which the plaintiff's claim is founded" as necessary to show concealment of the accrual of the cause of action—they *are* the wrongdoing on which the claim is founded. *Fedance*, 1 F.4th at 1286 (cleaned up). So this allegation is insufficient to support tolling the statute of limitations. *See Burr v. Philip Morris USA Inc.*, No. 8:07-cv-01429, 2012 WL 5290164, at *4 n.5 (M.D. Fla. Sept. 28, 2012), *aff'd*, 559 F. App'x 961 (11th Cir. 2014) ("Fraudulent concealment concerns itself with a defendant's conduct after it has injured a plaintiff and the defendant's efforts to conceal the resulting claim the plaintiff might assert.").

Second, GM's "mere nondisclosure" of the defect after the sale is also insufficient to support claims of active and willful concealment, as the fraudulent means must "go beyond mere non-disclosure[]." *Licul v. Volkswagen Grp. Of Am.*, No. 13-61686, 2013 WL 6328734, at *6–7 (S.D. Fla. Dec. 5, 2013) (applying Florida law). So Ambrose's second allegation of concealment does not support tolling. *See Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1229 (S.D. Fla. 2021) ("[C]ourts have consistently held that even assuming the defendants knew of the defect, the nondisclosure itself does not toll the statute of limitations.").

Finally, as to GM's representation that the paint issue was due to customer

neglect and environmental issues, this purported concealment did apparently occur after the cause of action accrued but before the statute ran in March 2018, as required. (Doc. 84, ¶¶ 40, 49); *see In re Engle Cases*, No. 3:09-cv-10000, 2012 WL 12904243, at *5 (M.D. Fla. Nov. 26, 2012) (applying Florida law). But that is not enough. "To invoke fraudulent concealment tolling, the Plaintiffs' allegations must 'state with particularity the circumstances constituting fraud or mistake.'" *Padilla v. Porsche Cars N. Am., Inc.*, No. 18-24988, 2020 WL 1472301, at *3 (S.D. Fla. Mar. 26, 2020) (quoting Fed. R. Civ. P. 9(b)). This requires Ambrose to set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Here, Ambrose alleges that he took his car to "Carl Black, Defendant's authorized dealer, in early 2017 . . . [and] Carl Black indicated that Defendant who must authorize such warranty repairs believed such paint issues to be the fault of owners not properly taking care of their vehicle." (Doc. 84, ¶ 49.) But these barebones allegations fail to identify the person who made the statements, any precision about when the statements were made, or exactly what the unknown person at Carl Black said, as required by Rule 9(b). *See* Fed. R. Civ. P. 9(b); *Ziemba*, 256 F.3d at 1202; *Padilla*, 2020 WL 1472301, at *3. As Ambrose has insufficiently pled fraudulent

5

concealment to toll the statute, the Court must conclude that Ambrose's FDUTPA claim is time-barred.

Because this is Ambrose's second insufficient attempt to allege fraudulent concealment, leave to amend would be futile. So this claim is due to be dismissed with prejudice. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

GM also moves to dismiss Ambrose's breach of warranty and MMWA claims, and Ambrose represents that he is abandoning those claims. (*See* Doc. 89, pp. 4–10; Doc. 92, p. 1 n.1.) So the Court treats this portion of the Motion as unopposed, and Counts I and II as to Ambrose are due to be dismissed as well.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. GM's motion to dismiss (Doc. 89) is **GRANTED IN PART AND DENIED IN PART**:

    a. The motion is **GRANTED** in that Ambrose's claim under FDUPTA (Count III) is **DISMISSED WITH PREJUDICE**.

    b. The motion is **GRANTED** in that Ambrose's claims for breach of warranty (Count I) and violations of the MMWA (Count II) are **DISMISSED WITHOUT PREJUDICE** but without leave to amend.

    c. In all other respects, the motion is **DENIED**.

2. The Clerk is **DIRECTED** to terminate Ambrose as a party.

3. GM's motion to stay (Doc. 101) is **GRANTED IN PART AND DENIED IN PART**:

   a. The motion is **GRANTED** in that this action is **STAYED** pending the Eleventh Circuit's ruling on GM's appeal of Riley's claims.

   b. The motion is **DENIED** only insofar as to Ambrose, whose claims are dismissed via this Order. As Riley is the only remaining Plaintiff, the entirety of the case is stayed.

   c. By **Monday, September 18, 2023**, and every sixty days thereafter, GM is **DIRECTED** to file a status report on the appeal. GM must immediately notify the Court once the appeal concludes.

4. The Clerk is **DIRECTED** to administratively close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 20, 2023.



ROY B. DALTON JR.
United States District Judge